# EXHIBIT A

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) §: | |
| COUNTY OF ALLEN | ) | CAUSE NO. _____ |
| | | |
| TAMARA THAYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LINCOLN FINANCIAL GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges against Defendant as follows:

1. The Plaintiff is Tamara Thayer ("Plaintiff"), a resident of Fort Wayne, Allen County, Indiana at all material times.

2. The Defendant is Lincoln Financial Group., a company doing business at 1300 S. Clinton Street, Fort Wayne, Allen County, Indiana, and with a registered agent address of Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204. Defendant is an "employer" for the purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.* ("ADA") and the Age Discrimination in Employment Act of 1990, 29 U.S.C. § 621 *et seq.* ("ADEA").

3. On or about June 25, 2018, Plaintiff filed Charge of Discrimination EO-0203-A18/24D-2018-00290, with the Metropolitan Human Relations Commission ("METRO"), which was jointly filed with the EEOC, then filed an amended Charge on April 9, 2019. Copies of her original Charge and the Amended Charge are attached hereto, incorporated herein, and made a part hereof as Exhibit "A" and Exhibit "B". The EEOC issued a Dismissal and Notice of Rights/Notice of Suit Rights on April 3, 2020, a copy of which is

attached hereto as Exhibit "C", and this Complaint has been filed within 90 days after receipt. All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. At all material times to this Complaint, the Plaintiff was over the age of 40 years (she was 60 years old). During the latter part of her employment with the Defendant, she also suffered from serious health conditions that together, or alone, constituted a disability/perceived disability/record of impairment for the purposes of the ADA. The Plaintiff's condition(s) impaired her major life activities, and by 2018 prevented her from prolonged sitting, engaging in repetitive hand movements (such as those needed to use a keyboard or click on a computer mouse), or working more than 40 hours in a week.

5. Plaintiff was a loyal and devoted employee of the Defendant's for more than 36 years, until the Defendant wrongfully terminated her on or about March 8, 2019. At all material times, Plaintiff performed within the reasonable expectations of the Defendant.

6. By way of background, Plaintiff held a number of positions with the Defendant which beginning in the 1980s. Beginning in 2003, she worked in the Defendant's Quality Assurance department. She left the company briefly in 2006, but returned to the same department in 2007, and held the position of Quality Assurance Analyst/ Auditor.

7. In 2017, Plaintiff submitted a request to Defendant for the reasonable accommodation of limiting her work hours to no more than 40 hours in a week. This request was granted.

8. On June 25, 2018, Defendant moved Plaintiff to the position of Senior Servicing Representative/Senior Auditor-N4 which was in a different department. Defendant then

placed a younger employee (more than 10 years younger than the Plaintiff's) into Plaintiff's former position.

9. Plaintiff's new position required her to frequently complete tasks that conflicted with work restrictions caused by her serious health conditions/disability/perceived disability, such as performing frequent and repeated use of extensive a computer keyboard and mouse, and working excess hours.   By information and belief, Defendant did not research other open positions it could have moved her to that she was qualified to fill that would not conflicted with her conditions/disability.

10. Plaintiff filed a Charge of Discrimination on June 25, 2018, alleging that the Defendant had discriminated against her on the basis of her age and disability.

11. Shortly after her job position changed, Plaintiff submitted additional requests for reasonable accommodations, asking that she not be required to work over-time, or be assigned a job where she had to constantly use a computer keyboard or mouse.

12. Plaintiff subsequently requested a medical leave of absence, for which she was entitled to use Family Medical Leave under the FMLA, and it was approved.   Plaintiff began taking FMLA leave in July 2018.

13. In January 2019, Plaintiff received a letter from Defendant dated January 4, 2019 offering her the accommodation of a computer head set.   Plaintiff spoke to the Defendant's representative on January 9, 2019 and whether the provision of a computer head set would effectively accommodate the Plaintiff's condition.   Later in a letter dated January 22, 2019, Defendant proposed that the Plaintiff use certain voice activated software.

14. Plaintiff spoke to Defendant's representative about proposed headset device and the voice activated software, and her concerns that based on her own research, they would not be compatible with the computer the Defendant had assigned to her at her job.   The Plaintiff requested that the Defendant test the proposed headset and/or software on the Plaintiff's assigned work equipment, and she requested training on the software, but Defendant did neither.   Defendant failed to determine that the proposed accommodations of the head set and voice activated software would function or actually accommodate the Plaintiff's work disability related restrictions.   Furthermore, the Defendant failed to engage in the interactive process with her, and failed to grant her reasonable accommodations for her disability/perceived disability/record of her impairment.

15. On February 15, 2019, Plaintiff informed Defendant that her physician was not releasing her to return to the Senior Servicing Representative/Senior Auditor-N4 position.   This was due to the Plaintiff not receiving reasonable accommodations so that she could work without violating her work restrictions.   Plaintiff provided Defendant additional relevant documentation regarding her disability and requested accommodations after that, in an effort to continue to work with the Defendant to obtain a reasonable accommodation.

16. Defendant the Plaintiff on March 8, 2019, allegedly for failing to return to work by February 25, 2019.   However, Plaintiff had not been informed that the Defendant required her to return by that date.

17. Plaintiff contends that Defendant refused to provide reasonable accommodations for her disability, and failed to engage in the interactive process with her.

18. Plaintiff contends that Defendant also discriminated against, and/or retaliated against her in violation of her rights under the ADA and/or ADEA.   Defendant's unlawful discriminatory and retaliatory conduct was the direct and proximate cause of Plaintiff suffering the loss of her job and job-related benefits including income, and also subjected Plaintiff to inconvenience, mental anguish, emotional distress, and other damages and injuries.

19. The complained of unlawful discriminatory and retaliatory conduct of the Defendant was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under the ADA and/or ADEA, warranting an imposition of punitive damages available under the ADA, and liquidated damages available under the ADEA.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant for compensatory damages, punitive damages (where available), liquidated damages (where available), reasonable attorneys' fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Indiana Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:    (260) 424-0600
Facsimile:    (260) 424-00712
Counsel for Plaintiff

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | EO-0203-A18<br>24D-2018-00290 |

City of Fort Wayne Metro Human Relations Commission and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Tamara R. Thayer | (260) 341-5040 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 7202 Miahqueah Court, Fort Wayne, IN 46815 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| LINCOLN FINANCIAL GROUP | 201 - 500 | (260) 455-2000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1300 S. Clinton Street, Fort Wayne, IN 46802 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[ ] RETALIATION [X] AGE [X] DISABILITY [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-23-2018    Latest: 06-25-2018

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I am a qualified individual who is over the age of forty (40) (Redacted) and has a disability who works for Lincoln Financial as a Quality Analyst. Due to restructuring in this department, my job was reclassified and my job duties have changed. My previous position was filled by a younger employee. In my new department, I am required to click on the computer mouse multiple times during a shift, and this department also requires overtime. Due to my disability, I am not able to complete this task as quickly as necessary and also cannot work overtime as required. I have previously provided doctor notes stating I cannot work overtime.

Based on the above, I believe I have been discriminated against because of my age, sixty (60) in violation of the Age Discrimination in Employment Act of 1967, as amended and denied a reasonable accommodation in violation of the Americans with Disabilities Act Amendments Act of 2008. This is also in violation of the Fort Wayne Ordinance G-21-78, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*<br>6-25-18 |
| Jun 25, 2018<br>Date | Charging Party Signature |

Ex. A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | EO-0203-A18 24D-2018-00290 |

**City of Fort Wayne Metro Human Relations Commission** and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Tamara R. Thayer | (260) 341-5040 | |

Street Address: 7202 Miahqueah Court, Fort Wayne, Indiana 46815

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| LINCOLN FINANCIAL GROUP | 201-500 | (260) 455-2000 |

Street Address: 1300 S. Clinton Street, Fort Wayne, Indiana 46802

DISCRIMINATION BASED ON (Check appropriate box(es).):
[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [X] AGE  [X] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 5-23-2018    Latest: 3-8-2019
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a qualified individual who is over the age of forty (40) (Redacted) and has a disability who worked for Lincoln Financial as a Quality Analyst. Due to restructuring in this department, my job was reclassified and my job duties have changed. My previous position was filled by a younger employee. In my new department, I am required to click on the computer mouse multiple times during a shift, and this department also requires overtime. Due to my disability, I am not able to complete this task as quickly as necessary and also cannot work overtime as required. I have previously provided doctor notes stating I cannot work overtime.

Based on the above, I believe I have been discriminated against because of my age, sixty (60) in violation of the Age Discrimination in Employment Act of 1967, as amended and denied a reasonable accommodation in violation of the Americans with Disabilities Act Amendments Act of 2008. This is also in violation of the Fort Wayne Ordinance G-21-78, as amended.

****This charge was amended on April 9, 2019 to include the following****

After filing my complaint of illegal discrimination with the Metropolitan Human Relations Commission, I was taken off of work by my Doctor and submitted medical documentation to Human Resource Manager Stacy Jester ("Jester") in July of 2018. In January of 2019, I contacted Jester after I received a letter stating that if the company did not hear back from me by January 23, 2019, they would assume that I resigned. On February 14, 2019, I informed Jester that my doctor would not release me to return to work. On March 8, 2019, my employment was terminated.

For these reasons, I believe I have been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended and the Fort Wayne Ordinance G-21-78, as amended.

NOTARY – When necessary for State and Local Agency Requirements

Notary Public Seal of Indiana
Allen County
Commission Number 637276
My Commission Expires August 1, 2020

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate

Ex. B

| fully with them in the processing of my charge in accordance with their procedures. I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
|---|---|
| **April 9, 2019** _Date_     _Charging Party Signature_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)   4/9/19 |

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Tamara R. Thayer<br>7202 Miahqueah Court<br>Fort Wayne, IN 46815 | From: | Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 24D-2018-00290 | Jeremy A. Sells,<br>State & Local Coordinator | (463) 999-1161 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Michelle Eisele* (signature)

April 3, 2020

Enclosures(s)

Michelle Eisele,
District Director

(Date Mailed)

cc: **Michael W. Padgett
Legal Counsel
JACKSON LEWIS P.C.
211 North Pennsylvania Street, Suite 1700
Indianapolis, IN 46204**

Ex. C

USDC IN/ND case 1:20-cv-00284-HAB-SLC   document 5   filed 07/01/20   page 11 of 12

Filed: 7/1/2020 2:43 PM
Clerk
Allen County, Indiana
BB

02D01-2007-CT-000333
Allen Superior Court 1

STATE OF INDIANA            IN THE ALLEN SUPERIOR COURT  
COUNTY OF ALLEN           Civil Division - Courthouse  
                                                 715 South Calhoun Street, Room 201  
                                                 Fort Wayne, IN  46802  
                                                 Telephone: (260) 449-3491  

TAMARA THAYER  
    Plaintiff                                       Case Number: _____

VS

# SUMMONS

LINCOLN FINANCIAL GROUP  
    Defendant

TO:    Anne T. Rogers, President  
         Lincoln Financial Group  
         1300 S. Clinton Street  
         Fort Wayne, IN 46802

You have been sued by the person(s) named above.  The claim made against you is attached to this summons; please examine all pages carefully.  The "X" marked below indicates the time limit you have to **FILE YOUR ANSWER**.

__XX__  Certified Mail     You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

_____  Personal Service     You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

Your answer is considered filed the day it is received in the office of the **Clerk of the Allen Superior Court, Room 201, Allen County Courthouse, Fort Wayne, Indiana, 46802**.  The method you choose to deliver your answer to the Clerk's Office is up to you; however, you should be able to prove you filed the answer.  If you wish to file a claim against another party associated with this case, you must state it in your written answer.

If you are required to appear, the date, time and location will be shown on an attached Notice of Hearing form.  **IF YOU FAIL TO APPEAR, A JUDGMENT MAY BE ENTERED AGAINST YOU.**

Dated: __7/1/2020__                         _Christopher M. Nancarrow_  BB  
                                            **CHRISTOPHER M. NANCARROW**  
                                            CLERK OF THE ALLEN CIRCUIT AND SUPERIOR COURTS

Christopher C. Myers (PLAINTIFF)             (Seal)  
Attorney / Party Preparing Summons (Party Represented)

809 South Calhoun Street, Suite 400  
Street Address

Fort Wayne, IN 46802  
City, State, Zip Code

(260) 424-0600           10043-02  
Telephone Number       Attorney Number

**MANNER OF SERVICE**  
(To be completed by Party Preparing Summons)

**SHERIFF** shall serve this Summons as follows:      **OTHER** manner of service:  
_____ personal service                                 __X__ attorney to serve  
_____ leaving a copy at dwelling or place of employment    _____ private process server, _____  
                                                                           _____ other (describe in particular and note Trial Rule)  
**CLERK** shall serve this Summons as follows:  
      _____ regular mail                                                       _____  
      _____ certified mail  
      _____ publication

**CERTIFIED MAIL**

| | |
|---|---|
| I hereby certify, as indicated in the date issued field, that a copy of this document was sent to the named person(s) at the address(es) furnished, by registered/certified mail at Fort Wayne, Indiana, return receipt requested. | I hereby certify that service by registered/certified mail at Fort Wayne, Indiana, was attempted as required by law to the person and address stated on the return receipt attached; and that service ☐ was ☐ was not made, according to the information contained therein. |

Date Issued: _____          Date Issued: _____

_____          _____
Clerk of the Allen Circuit and Superior Courts          Clerk of the Allen Circuit and Superior Courts

**ADMISSION OF SERVICE**

I received a copy of this Summons on this date _____ and at this location: _____

_____ .          _____
          Signature of Party                                                      Relationship (if not within named person)

**RETURN OF SERVICE BY SHERIFF OR OTHER OFFICER**
Enter the alphabetical letter in the space provided to indicate the type of service.

**I served a copy of this Summons as specified:**     (_____)

    READING / delivering a copy (A) to the within named party;

    LEAVING A COPY for the within named party
        (B) with the spouse, named:              (E) with a secretary, named:
        (C) with a relative, named:              (F) with the attorney, named:
        (D) at the residence, located at:        (H) with this person (other-specify):
        (E) with the employer, named: _____

Specify name of person, work supervisor, place of business, or location where copy was left.
_____

**and (if applicable) by sending a copy of this document by first-class mail to the last known address of the within named person as indicated:**
_____ .
Last known address of person named in the document (or Change of Address)

**I did not serve a copy of this Summons because:** (_____)

| | | | |
|---|---|---|---|
| (I) | The party was NOT FOUND / NO SUCH ADDRESS. | (R) | the party was on VACATION. |
| (J) | the document EXPIRED. | (S) | the party was NOT FOUND / VACANT. |
| (K) | the party AVOIDED service. | (T) | the party was NOT FOUND / MOVED. |
| (L) | the party REFUSED service. | (U) | the party was NOT FOUND IN THIS BAILIWICK. |
| (M) | the party was NO LONGER EMPLOYED at the address. | (V) | INSUFFICIENT ADDRESS OR INFORMATION WAS GIVEN. |
| (N) | the document was RETURNED by the authority of the Plaintiff. | (W) | they are NO LONGER IN BUSINESS. |
| (O) | the party is DECEASED. | (X) | several attempts were made / UNABLE TO SERVE. |
| (P) | the party was UNKNOWN AT THAT ADDRESS. | (Y) | of the following reason (OTHER-specify): |
| (Q) | the party was on SICK LEAVE / LAY OFF. | | |

_____

**I AFFIRM, UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE.**

_____          _____
Date Served / Attempted     Time Served / Attempted     Signature of Sheriff of Allen County, Indiana (or other officer)
                                                                                  By: _____
(Printed Name of Process Server)                              Signature of Process Server

08/2000     sum (CLK 298,fb)